[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
On July 7, 1994, the plaintiff, Christopher D. Saccente, filed a four count revised complaint for damages arising from the defendants', Town of Rocky Hill ("Rocky Hill") and Paul Shew, its Town Manager, alleging violations of General Statutes §§ 54-142a and 54-142c, dealing with the erasure of criminal records.
In counts one and two the plaintiff alleges that after CT Page 396-A he was arrested on felony charges of burglary and larceny the charges were dismissed on February 20, 1991, and within thirty days after the dismissal, defendant Rocky Hill was notified by the Superior Court of the dismissal. On October 18, 1991, the chief of police of defendant Rocky Hill notified defendant Shew of the existence of a very large backlog of unprocessed criminal case dispositions and that there was a danger that the release of inaccurate criminal case information could result in defamation or other injury to affected persons. Despite the notice and the chief's warning, defendant Shew took no action on this matter, but rather explained to the Town Council of Rocky Hill that in his opinion all legal requirements respecting criminal records were being met.
The plaintiff further alleges that on December 24, 1991, the United States Army Reserve recruited the plaintiff, and on February 3, 1992, transported the plaintiff to Springfield, Massachusetts, for entry into the service but on February 4, 1992, informed the plaintiff that it learned of his felony arrest and despite CT Page 396-B plaintiff's explanation separated him from the service.
The Plaintiff claims loss of employment and other opportunities related to military service and to have suffered mental and emotional distress all caused by the failure of defendants Rocky Hill and Shew, respectively, to comply with the requirements of General Statutes §§ 54-142a
and 54-142c in failing to process court dispositions in a timely manner, to erase their own records, and to communicate to the relevant police agencies the dismissal.
In counts three and four the plaintiff alleges that defendants Rocky Hill and Shew breached their duty to the plaintiff to exercise due care in the processing of his criminal and court records and that his injuries were the direct result of the defendants' failure to comply with these statutes.
On August 8, 1994, the defendants filed this motion to strike the entire complaint on the ground that an alleged violation of General Statutes §§ 54-142a and 54-142c is CT Page 396-C not the basis for a civil cause of action.
The defendants argue that neither § 54-142a nor §54-142c contain an express authorization for a civil cause of action for an alleged violation of their provisions and that the lack of such a provision is a clear indication that the legislature did not intend to create such a cause of action.
The plaintiff argues this court has in some instances permitted private actions under statutes even where a private right of action was not specifically authorized, citing a number of Superior Court decisions which recognized a private right of action under General Statutes § 38a-816 (CUIPA). Suffice it to say that this court has considered and rejected the claim that Mead v. Burns,199 Conn. 651 (1986) authorizes a private cause of action under CUIPA. Warner v. Sanford Hall Agency, 8 Conn. L. Rptr. 333
(1993) (Wagner, J.); see also Langlais v. Guardian Life Ins. Co.,7 Conn. L. Rptr. 34, 36 (1992) (Lewis, J.) General Statutes §54-142a(a) in part provides: CT Page 396-D
 Whenever in any criminal case, . . . , the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records . . . shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken.
General Statutes § 54-142c(b) in part provides:
 The clerk of the court or any person charged with retention and control of erased records by the chief court administrator or any criminal justice agency having information contained in such erased records shall not disclose CT Page 396-E to anyone the existence of such erased record or information pertaining to any charge erased under any provision or part I of this chapter, except as otherwise provided in this chapter.
Absent from the text of either of these statutes is the explicit authorization for a private cause of action for their violation. "When the legislature has authorized supplementary private causes of action, it has generally done so expressly." Middletown v. Hartford Electric LightCo., 192 Conn. 591, 596, 787 (1984). It is a well-recognized rule of statutory construction that the legislature is presumed to know all the existing statutes, the judicial interpretation of them, and the effect that its action or nonaction will have on them. Enquist v.General Datacom, 218 Conn. 19, 34, (1991) quoting Mack v.Saars, 150 Conn. 290, 298, (1963).
It is not the function of this court to supply a statutory omission especially where it appears that the CT Page 396-F omission was intentional. In such a situation the remedy lies not with the court but with the General Assembly.Enquist v. General Datacom, supra, 218 Conn. 36-37. The claim that a private cause of action may be brought under General statutes § 54-142a(2) or 54-142(c)(b) is rejected.
Defendants' motion to strike the complaint is granted.